# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Case No.:

IRVIN BAILEY,

       Plaintiff,

vs.

DOLGENCORP, LLC,

       Defendant.
_____/

## DEFENDANT, DOLGENCORP, LLC'S
## NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, DOLGENCORP, LLC, by and through its undersigned counsel, pursuant to 28 U.S.C. Section 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 hereby removes the circuit court case (as hereinafter defined) from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. In support hereof, the Defendant states as follows:

    1.    On or about September 10, 2020**,** a civil action was filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida with said case being captioned *IRVIN BAILEY V. DOLGENCORP, LLC*, Case No: 2020-CA-42075. This is a personal injury case based on alleged negligence arising from premises liability.

2. The removing party is the Defendant in the above-described action.

3. On or about September 28, 2020, Defendant was served with a Summons and Complaint through service upon Corporation Service Company, its registered agent. This was Defendant's first notice that this lawsuit was filed.

4. At the time that the Complaint was served, Plaintiff's demand was in excess of thirty thousand dollars ($30,000.00) exclusive of all interest and costs which is within the jurisdictional limits of the circuit court.

5. On October 16, 2020, Defendant's counsel served a Request for Admission on Plaintiff, IRVIN BAILEY, requesting Plaintiff to admit that he was seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00). A copy of Defendant's First Request for Admission to Plaintiff is attached hereto as **Exhibit "A"**.

6. On October 28, 2020 Plaintiff's counsel served Plaintiff, IRVIN BAILEY's, Response to Defendant's First Request for Admissions. A copy of Plaintiff's Response to Defendant's First Request for Admissions is attached hereto as **Exhibit "B".** Based on Plaintiff's Response to Defendant's Request for Admission, this matter was not removable at that time.

7. On October 16, 2020, Defendant also served First Interrogatories to Plaintiff. A copy of Defendant's First Interrogatories to Plaintiff is attached hereto as **Exhibit "C".** Interrogatory number twenty-two (22) specifically asked in part:

"Do you contend that you have suffered damages in excess of seventy-five thousand dollars ($75,000.00)?"

8. On December 23, 2020, Plaintiff served his Verified Answers to Defendant's First Interrogatories. Defendant's counsel received Plaintiff's Verified Answers to Defendant's First Interrogatories on December 23, 2020. A copy of Plaintiff's Verified Answers to Defendant's First Interrogatories, is attached hereto as **Exhibit "D"**.

9. In Plaintiff's Answers to Defendant's First Interrogatories; interrogatory number twenty-two (22) specifically asks in part:

> **22. Do you contend that you have suffered damages in excess of seventy-five thousand dollars ($75,000.00)?**
>
> **a. The dollar amount for each medical damage you claim that you have suffered including the exact amount of the medical provider.**
>
> **b. The amount you currently claim you are entitled for future lost medical damages.**
>
> **c. The amount that you currently claim that you have incurred in lost wages.**
>
> **d. The amount you currently reasonably claim you will incur in future lost wages.**
>
> **e. The reasonable value which you claim you are entitled to for pain and suffering.**
>
> **f. Please identify specifically any other damages you claim you have incurred.**
>
> **PLAINTIFF ANSWERED AS FOLLOWS:**
>
> **22.    Yes.**
>
> > **a. The medical dollar amount is unknown as bills continue.**

      b. **Future medical amount is unknown.**

      c. **None and**

      d. **Still suffering**

(**Exhibit "D"**) (Emphasis added.)

Based on Plaintiff's Verified Answers to Defendant's First Interrogatories; interrogatory number twenty-two (22), this matter was still not removable at that time.

Thus, although Plaintiff suggested that Plaintiff intended the amount in controversy exceeded seventy-five thousand dollars ($75,000.00), Plaintiff did not provide any basis even though Defendant specifically requested dollar amounts for medical bills and other damages.

Counsel for Defendant did not believe that simply the "yes" response to Interrogatory Number 22 was satisfactory to meet Defendant's burden of proof that the amount in controversy exceeded seventy-five thousand dollars ($75,000.00). Counsel for Defendant is aware that Middle District of Florida Courts have held that simple admissions which are conclusory and lack factual support are not sufficient to establish the amount in controversy. See, e.g., Bienvenue v. Wal-Mart Stores, East, LP, No. 8:13-cv-1331-T-33TGW, 2013 WL 5912096, at *4 (M.D. Fla. June 19, 2013) and Pugliese v. Texas Roadhouse, Inc., No: 5:17-cv-392-Oc-PRL (M.D. Fla. Dec. 11, 2017). Thus, Plaintiff's incomplete answer to Interrogatory Number 22 alone, did not establish the amount in controversy in this matter.

10. Subsequently, on February 2, 2021, Plaintiff, IRVIN BAILEY, was deposed by Defendant's counsel. Plaintiff, IRVIN BAILEY, was asked the following questions and answered as follows:

> **Q Do you contend that you're owed more than 75,000 in pain and suffering from Dollar General as a result of this incident?**
>
> **A Yes.**
>
> **Q And you're owed medical expenses as well; correct?**
>
> **A Yes, sir. And the reason that I say that, since you're asking, is because I - - I'm losing my ability to get around and I'm - - I'm losing the use of my left hand without some medical and stuff and I'm not gonna say that I'm fixing to get medical on my left hand but I've got to adapt to not being able to use it.**

(Deposition of Plaintiff, IRVIN BAILEY, Page 86 - Line 22 through Page 87, Line 8.) (Emphasis added.)

A copy of Plaintiff's Deposition Transcript, taken February 2, 2021 and received by Defendant's counsel on February 5, 2021, is attached hereto as **Exhibit "E"**.

Plaintiff is seeking more than seventy-five thousand dollars ($75,000.00) just for his allegations of pain and suffering in this matter. Plaintiff's Complaint in paragraph 15 also includes damages for "disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment." (sic) Further, paragraph 11 of Plaintiff's Answers to Interrogatories identified past medical bills as follows:

| Medical Provider | Charges |
|---|---|
| Brevard County Fire Rescue | $ 736.00 |
| Mid Florida Ortho | $18,565.88 |
| NeuroSkeletal Imaging | $ 3,568.00 |
| Rockledge Regional Medical Center | $ 1,619.00 |
| Injury Centers of Brevard | $ unknown |
| Cocoa Fire Department | $ unknown |
| **TOTAL** | **$24,488.88** |

Thus, past medical bills and Plaintiff's claim for pain and suffering greatly exceed this Court's jurisdictional threshold.

11. Plaintiff's response to Defendant's specific question at deposition, establishes the jurisdictional threshold of this Court. Pursuant to the requirements of 28 U.S.C. Section 1446(b), even though the case was not removable based on the initial pleading, "a removal may be filed within thirty (30) days after receipt by the Defendant through service or otherwise a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable".

12. Thus, Plaintiff's response to Defendant's question at deposition on February 2, 2021, confirms that the Plaintiff admits that he is seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00) which exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional limitations of this Court.

13. Defendant's counsel received Plaintiff's Deposition Transcript on February 5, 2021. This Notice of Removal is filed within thirty (30) days after receipt of

Plaintiff's Deposition Transcript by Defendant's counsel in the above-described action. Thus, we have promptly filed this Notice of Removal.

14. At all times material hereto the Plaintiff, IRVIN BAILEY, was and is a citizen and resident of the State of Florida.

15. At all times material hereto the Defendant, DOLGENCORP, LLC, was and is a Foreign Limited Liability Company organized in the State of Kentucky. DOLGENCORP, LLC filed its Articles of Organization in the State of Kentucky in 2008. (Please see **Exhibit "F"**)

16. At all times material hereto the Defendant, DOLGENCORP, LLC has been incorporated in the State of Kentucky since 1973. (Please see Exhibit "F")

17. At all times material hereto the Defendant, DOLGENCORP, LLC'S principal place of business is 100 Mission Ridge, in Goodlettsville, Tennessee. (Please see Exhibit "F")

18. At all times material hereto the Defendant, DOLGENCORP, LLC is a subsidiary of DOLLAR GENERAL CORPORATION, whose principal place of business is also 100 Mission Ridge, in Goodlettsville, Tennessee. (Please see Exhibit "F")

19. The above-described action wholly involves citizens of different states and this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. As Plaintiff, IRVIN BAILEY, is a citizen of the State of Florida and Defendant, DOLGENCORP, LLC is a citizen of the States of Kentucky and Tennessee, and as this Court and Division encompasses the place where the above-described action is pending, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

20. A copy of this Notice of Removal has been filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida with a copy being attached hereto as **Exhibit "G".**

21. In compliance with Local Rule 4.02 (b) of the United States District Court of the Middle District of Florida and 28 U.S.C. § 1446, copies of all State court processes, pleadings, orders and other papers or exhibits of every kind, that have been filed in the State court action have been filed separately.

WHEREFORE, Defendant, DOLGENCORP, LLC, respectfully requests that the state court case now pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida be removed to the United States District Court for the Middle District of Florida, Orlando Division.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

### I. STATEMENT OF CASE

Plaintiff alleges in his Complaint that on or about the 17th day of May, 2019, Plaintiff, IRVIN BAILEY, was walking into the Dollar General store when he tripped on a floor mat that was placed by the door and fell to the ground. Plaintiff, IRVIN BAILEY, asserts the following damages in his Complaint, stating that he "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and medical and nursing care and treatment." Additionally, Plaintiff, IRVIN BAILEY, asserts his damages "are either permanent or continuing and he will continue to suffer the losses in the future." Plaintiff's Complaint demanded damages in excess of thirty thousand dollars

($30,000.00). Subsequently, Plaintiff testified that he was seeking more than seventy-five thousand dollars ($75,000.00) in pain and suffering damages alone. Plaintiff's past medical bills, which are also alleged damages in this case total twenty-four thousand four hundred eighty-eight dollars ($24,488.88). Clearly, just the past medical bills and the pain and suffering exceed seventy-five thousand dollars ($75,000.00). Plaintiff asserted in his response to the deposition question, that he admits that he is seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00). Defendant's counsel received this response in Plaintiff's Deposition Transcript, on February 5, 2021.

## II.     FEDERAL COURT JURISDICTION

Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs and is between, among other things, citizens of different states. Pursuant to 28 U.S.C. § 1332 (c)(1) a corporation is deemed a citizen of any state where incorporated or where its principal place of business is located.

While the Plaintiff merely alleges damages in excess of the minimum jurisdiction of the circuit court, Plaintiff, IRVIN BAILEY, has now affirmatively alleged that the damages in this matter exceed the seventy-five thousand dollar ($75,000.00) jurisdictional requirement of the district court based on Plaintiff's admission at deposition that he contends that he has suffered damages in excess of seventy-five thousand dollars ($75,000.00).

At the time of filing the Complaint, Plaintiff, IRVIN BAILEY, demanded in excess of thirty thousand dollars ($30,000.00), which is below this Court's jurisdictional limits.  However, Plaintiff, IRVIN BAILEY, has admitted in his deposition that he has suffered damages in excess of seventy-five thousand dollars ($75,000.00).  As set forth in *Baker v. Firestone Tire & Rubber Company*, 537 F. Supp. 244 (S.D. Fla. 1982) and *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986) a determination of the amount in controversy should be made by a fair reading of the Complaint and is not limited to the Plaintiff's allegations of jurisdictional amount.  In *Baker,* the Court found that despite the minimum jurisdictional allegation, the pleading satisfied the removal threshold based on allegations that, "…the plaintiff sought to recover for permanent and serious injuries…pain, disfigurement, disability, loss of wages, loss of earning capacity…".  Plaintiff's answer in his deposition when considered in the context of Plaintiff's damages and medical bills claim, unequivocally establish that Plaintiff, IRVIN BAILEY, contends that he has suffered damages in excess of seventy-five thousand dollars ($75,000.00).

In this action, at the time of filing the Complaint, Plaintiff's demand was in excess of thirty thousand dollars ($30,000.00).  When Plaintiff answered Defendant's Request for Admission, the case was not removable.  Additionally, when Plaintiff answered Defendant's First Interrogatories, the case was still not removable.  Subsequently, at Plaintiff's deposition on February 2, 2021, Plaintiff admitted that he has suffered damages in excess of seventy-five thousand dollars ($75,000.00).  Thus, Defendant is justified in relying on Plaintiff's good faith representation that Plaintiff's claim in this

matter exceeds seventy-five thousand dollars ($75,000.00).  Defendant has filed this Notice of Removal within thirty (30) days of receiving Plaintiff's Deposition Transcript. Plaintiff's Deposition Transcript, which was received by Defendant's counsel on February 5, 2021, constitutes "other paper" within the meaning of 28 U.S.C. Section 1446(b) and thereby provides Defendant with notice that the potential damages from the lawsuit could exceed the jurisdictional amount.  *See* Rahwar v. Nootz, 863 F. Supp. 191 (D.N.J. 1994).

Plaintiff, IRVIN BAILEY's admission at deposition satisfies the seventy-five thousand dollar ($75,000.00) removal threshold.  Further, Plaintiff's assertion of damages arising from the allegations of injury in this matter clearly show that Plaintiff contends entitlement to damages in excess of seventy-five thousand dollars ($75,000.00).  Since the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and as complete diversity of citizenship exists, this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332.

### III.    REMOVAL AND VENUE

As this Court has original jurisdiction, the present case may be removed pursuant to 28 U.S.C. § 1441.  This removal is effected pursuant to the terms of 28 U.S.C. § 1446 and in compliance with said statute, this Notice of Removal is accompanied by copies of all process, pleadings, and orders served upon the Defendant. Venue is proper pursuant to 28 U.S.C. § 1441 as the United States District Court for the Middle District of Florida, Orlando Division, encompasses Brevard County where the state action is pending.

### IV.   TIMELINESS

28 U.S.C. § 1446 (b) requires that when a case is not removable at the initial pleading, "a Notice of Removal may be filed within thirty (30) days after receipt by the Defendant through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Although this case was not removable when Plaintiff responded to Defendant's Request for Admission, nor was it removable when Plaintiff answered Defendant's First Interrogatories; when Defendant received Plaintiff's Deposition Transcript on February 5, 2021, Defendant timely sought to properly remove this action.

WHEREFORE, Defendant, DOLGENCORP, LLC, requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in State court and in accordance with law.

Dated: March 5, 2021.

                                        Respectfully submitted,

                                      s/Russell F. Bergin
                                      Russell F. Bergin, Esquire
                                      Florida Bar No: 0887560
                                      Law Office of Russell F. Bergin, P.A.
                                      698 W. Highway 50
                                      Clermont, Florida  34711-2921
                                      Telephone: (352) 394-5888
                                      Facsimile:  (352) 394-8558
                                      russ@berginlaw.com
                                      amy@berginlaw.com
                                      lara@berginlaw.com
                                      Counsel for Defendant
                                      Trial Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2021, I electronically filed the foregoing with the Clerk of the Court via the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to the following:

Jonathan I. Rotstein, Esquire
Law Office of Rotstein & Shiffman, LLP
309 Oakridge Blvd., Suite B
Daytona Beach, FL 32118
Attorney for Plaintiff

l.bonner@rotstein-shiffman.com
m.otto@rotstein-shiffman.com
t.dallarosa@rotstein-shiffman.com

    s/Russell F. Bergin
    Russell F. Bergin, Esquire
    Florida Bar No.: 0887560
    Law Office of Russell F. Bergin, P. A.
    698 W. Highway 50
    Clermont, FL  34711-2921
    Telephone: 352-394-5888
    Facsimile:  352-394-8558
    Russ@berginlaw.com
    Amy@berginlaw.com
    Attorney for Defendant