IN THE CIRCUIT COURT, EIGHTEENTH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.:

IRVIN BAILEY,

    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff IRVIN BAILEY by and through the undersigned attorney, Jonathan I. Rotstein, Esquire, and pursuant to Florida Rules of Civil Procedure 1.190, and hereby files this Complaint against Defendant DOLGENCORP, LLC and in support thereof states and alleges as follows:

### FACTS

1. This is an action for damages that exceed Thirty Thousand Dollars ($30,000.00).

2. At all times material hereto, Plaintiff, IRVIN BAILEY was a resident of Cocoa, Brevard County, Florida and is over the age of twenty-one (21).

3. Defendant, DOLGENCORP, LLC, is a Limited Liability Company authorized and licensed to conduct business in Brevard County, Florida by the Secretary of State and does conduct said business in Cocoa, Brevard County, Florida.

4. The accident which is the subject matter of this litigation occurred in Cocoa, Brevard County, Florida.

5. This Honorable Court has jurisdiction over this lawsuit in that the accident, which is the basis of this lawsuit took place in Brevard County, Florida, and that this action for money damages for the Plaintiff IRVIN BAILEY exceeds Thirty Thousand Dollars ($30,000.00) against Defendant DOLGENCORP, LLC.

## NEGLIGENCE AGAINST DEFENDANT DOLGENCORP, LLC

6. Plaintiff, IRVIN BAILEY is entitled to relief against Defendant DOLGENCORP, LLC based upon the following facts:

   (a) Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 5 above as though stated herein.

7. On or about May 17, 2019, Plaintiff IRVIN BAILEY was a business invitee at Dollar General and lawfully upon the premises of the Defendant's business located at 906 Barbara Jenkins Street in Cocoa, Brevard County, Florida.

8. At the aforesaid time and place, as the Plaintiff was walking into the store when he tripped on a floor mat that was placed by the door and fell to the ground, causing serious and permanent physical injury to Plaintiff.

9. At the aforesaid time and place, the Defendant owned, used, possessed, and/or held a mortgage or other lien on the property where the Plaintiff was injured.

10. That at all times material hereto, Defendant, DOLGENCORP, LLC, acted by and through its employees, servants, and/or agents, who at all times material hereto, acted within the course and scope of their employment with Defendant.

11. Defendant, DOLGENCORP, LLC, had a duty to use reasonable care to maintain the premises in a reasonably safe condition.

12. Defendant, DOLGENCORP, LLC, had a duty to warn Plaintiff of concealed perils which are or should be known to Defendant and which were unknown to Plaintiff and could not be discovered by Plaintiff through the exercise of due care.

13. That at the aforesaid time and place, Defendant breached its duty of care by:

   a) failing to maintain the premises in a reasonably safe condition;

   b) failing to warn Plaintiff of a concealed peril that was known to Defendant and that was unknown to Plaintiff and could not have been discovered by Plaintiff through the exercise of due care; and

   c) failing to warn the Plaintiff of a concealed peril that should have been known to Defendant and was unknown to Plaintiff and could not have been discovered by Plaintiff through the exercise of due care.

14. At the aforesaid time and place, Defendant failed to maintain the premises in a reasonably safe condition by providing Plaintiff with an entranceway that contained an uneven door mat and was unfit to be used as an entranceway, Defendant knew that the entranceway provided to Plaintiff contained an uneven door mat and failed to warn Plaintiff that the entranceway was unfit to be used as a entranceway, and/or Defendant should have known that the entranceway contained an uneven door mat and failed to warn Plaintiff that the entranceway was unfit to be used as a entranceway.

15. That as a direct and proximate result of the aforedescribed careless, wrongful and negligent acts of the Defendant DOLGENCORP, LLC, Plaintiff IRVIN BAILEY suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff IRVIN BAILEY demands judgment for damages and costs in an amount exceeding Thirty Thousand Dollars ($30,000.00), against Defendant, DOLGENCORP, LLC plus costs of the court and trial by jury.

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished, by regular U.S. mail delivery and/or electronic mail, this _10_ day of _September_, 2020 to Rod Mercer, Dollar General, PO Box 1728, Goodlettsville, TN 37070, rmercer@dg.com.

Jonathan I. Rotstein, Esquire
Law Office of Rotstein & Shiffman, LLP
309 Oakridge Blvd., Suite B
Daytona Beach, FL 32118
Florida Bar No. 909580
(386) 252-5560 / (386) 238-6999 fax (lmb)
Primary: L.bonner@rotstein-shiffman.com
Secondary: M.otto@rotstein-shiffman.com
T.dallarosa@rotstein-shiffman.com
Attorney for Plaintiff

4